THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| JULIA K. DESOGUGUA, | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 1:11-cv-01051-LO-JFA |
| WELLS FARGO BANK, N.A., d/b/a Wells Fargo Home Mortgage, | ) |
| Defendant. | ) |

## **MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO CONSOLIDATE**

Defendant, Wells Fargo Bank, N.A. ("defendant"), by counsel, and in support of its Motion to Consolidate (the "Motion") filed simultaneously herewith[1] and pursuant to Rule 42(a) of the Federal Rules of Civil Procedure, respectfully state as follows:

### I.     Introduction/ Factual Background

A.   Case 1:11cv188 – Desogugua v. Wells Fargo

On February 23, 2011, the plaintiff filed Case. No. 1:11cv188 against Wells Fargo, ("Desogugua I") alleging two putative class claims for: (1) breach of contract for alleged violations of the Home Affordable Modification Program ("HAMP") for failing to provide her with a permanent loan modification; and (2) alleged violations of the Equal Credit Opportunity Act ("ECOA") and the Virginia equivalent ("VECOA") for failing to send "adverse action notice letters" to borrowers denied a HAMP loan modification.

On May 20, 2011, the plaintiff filed an Amended Class Complaint in Case 1:11cv188, which included the following claims: (1) the ECOA/VECOA class claim; (2) an individual claim for breach of the implied covenant of good faith and fair dealing; and (3) an action to set aside

---

[1] Wells Fargo has simultaneously filed a motion to consolidate in the related case.

the foreclosure sale. The parties filed a joint discovery plan on October 26, 2010. A scheduling conference pursuant to Rule 16(b) was held on November 2, 2011, and the Court entered a scheduling order that adopted the joint discovery plan in part, and set the deadline for discovery on the plaintiff's individual claims and defenses and class certification issues as February 10, 2012. The parties are currently engaged in intensive written discovery and depositions. The plaintiff's motion for class certification is scheduled to be heard on February, 10, 2012, although no trial date has been set.

B.     Case No. 1:11cv1051 – Desogugua v. Wells Fargo

On September 28, 2011, the plaintiff filed Case No. 1:11cv1051, a second case against the defendant ("Desogugua II"), alleging three violations of the Fair Credit Reporting Act ("FCRA"), allegedly stemming from the reporting of the plaintiff's loan to the credit reporting agencies ("CRAs") during and after the period of her attempted loan modification and defendant's subsequent denial of the same. The parties participated in a Rule 26(f) conference on November 14, 2011 and the plaintiff served written discovery immediately thereafter. The proposed discovery plan in Desogugua II contemplates a discovery deadline of May 16, 2012. The parties stipulated to a protective order (in Desogugua I – Dkt. 45) that would permit discovery obtained in Desogugua I to be used in Desogugua II, which the Court entered on November 17, 2011. No trial date has been set in Desogugua II.

## II.     Argument

Wells Fargo moves the Court for consolidation of Case No. 1:11cv188 and Case No. 1:11cv1051, to which the plaintiff consents. Rule 42(a) of the Federal Rules of Civil Procedure states that if "actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions;

or (3) issue any other orders to avoid unnecessary cost or delay." F.R.C.P. 42(a). District courts have "broad discretion under F.R.C.P. 42(a) to consolidate causes pending in the same district." A/S J. Ludwig Mowinckles Rederi v. Tidewater Construction Corp., 559 F.2d 928, 933 (4th Cir. 1977). When considering a motion to consolidate, the critical issues for court's consideration are

> whether the specific risks of prejudice and possible confusion are overborne by the risk of inconsistent adjudications of common factual and legal issues, the burden on parties, witnesses and available judicial resources posed by multiple lawsuits, the length of time required to complete multiple lawsuits as against a single one, and the relative expense to all concerned of the single-trial, multiple-trial alternatives. Kelley v. U.S., 580 F.Supp.2d 490, 492 (E.D.Va. 2008)(quoting Arnold v. E. Air Lines, Inc., 681 F.2d 186, 193 (4th Cir. 1982).

Judicial economy overwhelmingly favors consolidation of the two cases. The parties are identical in Desogugua I and Desogugua II, and the burden on the parties, available witnesses and the Court is lessened by combining the two cases for trial. Many of the documents and fact witnesses will be the same. While the two cases deal with different legal claims, the allegations in Desogugua II arise from actions allegedly taken by the defendant in connection with the plaintiff's attempted loan modification, which forms the basis of plaintiff's claims in Desogugua I. The defendant maintains that its reporting to the CRAs was accurate; the plaintiff asserts that it was not. The same documents and facts are at issue in both cases, and a number of the same witnesses will have to be questioned and possibly deposed for both as well. If the cases are not consolidated, there is the potential that arguments regarding the same facts could result in inconsistent rulings. Given the identity of the parties and the related issues in both cases, consolidation is warranted in order to avoid imposing unnecessary costs and burdens on the Court and the parties through duplicative discovery.

**WHEREFORE**, defendant, Wells Fargo Bank, N.A., respectfully requests that the Court grant their Motion to Consolidate Case Nos. 1:11cv188 and 1:11cv1051, and for any such other and further relief as the Court deems appropriate.

Respectfully submitted,

WELLS FARGO BANK, N.A.

By its attorneys,

*/s/ Terry C. Frank*
Hunter W. Sims Jr. (VSB No. 09218)
Terry C. Frank (VSB No. 74890)
J. Bradley Reaves (VSB No. 71389)
Kaufman & Canoles, P.C.
150 W. Main Street, Suite 2100
Norfolk, VA 23510-1665
Telephone: (757) 624-3205
Facsimile: (757) 624-3169
hwsims@kaufcan.com
tcfrank@kaufcan.com
jbreaves@kaufcan.com

*Attorneys for Defendant Wells Fargo Bank, N.A.*

November 29, 2011

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing Memorandum in Support of Motion to Consolidate, on this 29th of November 2011, has been electronically filed with the Clerk of Court using the CM/ECF system, which will send notification of such filing (NEF) to the

Leonard A. Bennett, Esq. (VSB No. 37523)
Susan Mary Rotkis  (VSB No. 40693)
Consumer Litigation Associates, P.C.
12515 Warwick Blvd., Suite 201
Newport News, VA 23606
Telephone: (757) 930-3660
Facsimile: (757) 930-3662
lenbennett@clalegal.com
srotkis@clalegal.com

Kristi Cahoon Kelly, Esq. (VSB No. 72791)
Surovall Isaacs Petersen & Levy, P.C.
4010 University Drive, 2nd Floor
Fairfax, VA 22030
Telephone: (703) 277-9774
Facsimile: (703) 591-9285
kkelly@siplfirm.com

                                                           */s/     Terry C. Frank*
                                                    Terry C. Frank (VSB No. 74890)
                                                    Kaufman & Canoles, P.C.
                                                    150 W. Main Street, Suite 2100
                                                    Norfolk, VA 23510-1665
                                                    Telephone: (757) 624-3205
                                                    Facsimile: (757) 624-3169
                                                    tcfrank@kaufcan.com

11414472_1.DOC